**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------------x
                                             :
In re:                                       :  Chapter 11
                                             :
ExGen Texas Power, LLC,                      :  Case No. 17-_____ (____)
                                             :  Tax. ID No. 47-1034129
            Debtor.                          :
------------------------------------------------------------x
In re:                                       :  Chapter 11
                                             :
ExGen Texas Power Holdings, LLC,             :  Case No. 17-_____ (____)
                                             :  Tax. ID No. 47-1512209
            Debtor.                          :
------------------------------------------------------------:x
In re:                                       :  Chapter 11
                                             :
Wolf Hollow I Power, LLC,                    :  Case No. 17-_____ (____)
                                             :  Tax. ID No. 54-1966945
            Debtor.                          :
------------------------------------------------------------
                                             :
In re:                                       :  Chapter 11
                                             :
Colorado Bend I Power, LLC,                  :  Case No. 17-_____ (____)
                                             :  Tax. ID No. 04-3829083
            Debtor.                          :
------------------------------------------------------- x
In re:                                       :  Chapter 11
                                             :
Handley Power, LLC,                          :  Case No. 17-_____ (____)
                                             :  Tax. ID No. 30-0844091
            Debtor.                          :
------------------------------------------------------------x
In re:                                       :  Chapter 11
                                             :
Mountain Creek Power, LLC,                   :  Case No. 17-_____ (____)
                                             :  Tax. ID No. 38-3956288
            Debtor.                          :
------------------------------------------------------------x
```

```
---------------------------------------------------------------x
In re:                                   :   Chapter 11
                                         :
LaPorte Power, LLC,                      :   Case No. 17-_____ (____)
                                         :   Tax. ID No. 37-1765101
                    Debtor.              :
---------------------------------------------------------------x
```

## DEBTORS' MOTION FOR AN ORDER DIRECTING THE
## JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES

The above-captioned debtors (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), directing the joint administration of these chapter 11 cases for procedural purposes only.  In support of the Motion, the Debtors rely upon and incorporate by reference the *Declaration of David Rush In Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed with the Court contemporaneously herewith.  In further support of the Motion, the Debtors respectfully represent as follows:

## Jurisdiction and Venue

1.      The Court has jurisdiction over the Debtors, their estates, and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

RLF1 18427859v.1

3.     Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order on this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Background

4.     On the date hereof (the "Petition Date"), each Debtor filed with this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5.     The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or official committee of unsecured creditors has been appointed in the Debtors' chapter 11 cases.

6.     Additional information regarding the Debtors and these chapter 11 cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these chapter 11 cases, is set forth in the First Day Declaration.

## Relief Requested

7.     By this Motion, the Debtors respectfully request entry of the Proposed Order, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, directing the joint administration of these chapter 11 cases for procedural purposes only.

## Basis for Relief Requested

8.     Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).  Section 101(2) of the Bankruptcy Code defines the term "affiliate" to mean:

3

(A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—

> (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
>
> (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;

(B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—

> (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
>
> (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote . . . .

11 U.S.C. § 101(2).  The Debtors are affiliates of one another because Debtor ExGen Texas Power Holdings, LLC, owns or controls, either directly or indirectly, 100% of the outstanding voting securities of each of the Debtors.  Accordingly, this Court is authorized to jointly administer these cases for procedural purposes.

9.      In addition, Local Rule 1015-1 provides, in relevant part, that:

An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration . . . supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

Pursuant to Local Rule 1015-1, the Debtors have filed the First Day Declaration contemporaneously herewith, which establishes that the joint administration of the Debtors' respective estates is warranted and will ease the administrative burden for the Court and parties in interest in these chapter 11 cases.

4

10.     Joint administration of these cases will save the Debtors and their estates substantial time and expense because it will remove the need to prepare, replicate, file, and serve duplicative notices, applications, and orders.  Further, joint administration will relieve the Court of entering duplicative orders and maintaining duplicative files and dockets.  The United States Trustee for the District of Delaware (the "U.S. Trustee") and other parties in interest will similarly benefit from joint administration of these chapter 11 cases, sparing them the time and effort of reviewing duplicative pleadings and papers.

11.     Joint administration will not adversely affect creditors' rights because this Motion requests only the administrative consolidation of the estates for procedural purposes, and does not seek substantive consolidation.  As such, each creditor will continue to hold its claim against a particular Debtor's estate after this Motion is approved.

12.     The Debtors respectfully request that each of the Debtors' chapter 11 cases be administered under a consolidated caption, in the following form:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-----------------------------------------------------------x
                                            :
In re:                                      :  Chapter 11
                                            :
ExGen Texas Power, LLC, et al.,             :  Case No. 17-_____ (____)
                                            :
                  Debtors.¹                 :  (Jointly Administered)
-----------------------------------------------------------x
```

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  ExGen Texas Power, LLC (4129), ExGen Texas Power Holdings, LLC (2209), Wolf Hollow I Power, LLC (6945), Colorado Bend I Power, LLC (9083), Handley Power, LLC (4091), Mountain Creek Power, LLC (6288), and LaPorte Power, LLC (5101).  The Debtors' mailing address for the purposes of notice and communications is 1310 Point Street, Baltimore, MD 21231.

13.     The Debtors further request that the Court make an entry on the docket in each Debtor's chapter 11 case (other than the chapter 11 case of ExGen Texas Power, LLC) to reflect the joint administration of these cases, substantially similar to the following:

5

An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of ExGen Texas Power, LLC, *et al.* The docket in Case No. 17-_____ (____) should be consulted for all matters affecting this case.

14.    Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of the Debtors' estates and creditors, and should be granted in all respects.

## **Notice**

15.    Notice of this Motion and any order entered hereon shall be provided to: (i) the U.S. Trustee; (ii) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis; (iii) counsel to the Ad Hoc Committee; (iv) counsel to the Secured Agent; (v) the United States Attorney's Office for the District of Delaware; (vi) the Securities and Exchange Commission; (vii) the Internal Revenue Service; and (viii) any other party entitled to notice pursuant to Local Rule 9013-1(m).  Due to the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Motion is required.

## **No Prior Request**

16.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

6

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court may deem proper.

Dated: November 7, 2017
Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**

/s/ *Daniel J. DeFranceschi*
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: defranceschi@rlf.com
          heath@rlf.com
          shapiro@rlf.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**<u>EXHIBIT A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-----------------------------------------------------------x
                                          :
In re:                                    : Chapter 11
                                          :
ExGen Texas Power, LLC,                   : Case No. 17-_____ (____)
                                          : Tax. ID No. 47-1034129
              Debtor.                     :
-----------------------------------------------------------x
In re:                                    : Chapter 11
                                          :
ExGen Texas Power Holdings, LLC,          : Case No. 17-_____ (____)
                                          : Tax. ID No. 47-1512209
              Debtor.                     :
-----------------------------------------------------------:x
In re:                                    : Chapter 11
                                          :
Wolf Hollow I Power, LLC,                 : Case No. 17-_____ (____)
                                          : Tax. ID No. 54-1966945
              Debtor.                     :
-----------------------------------------------------------:
                                          :
In re:                                    : Chapter 11
                                          :
Colorado Bend I Power, LLC,               : Case No. 17-_____ (____)
                                          : Tax. ID No. 04-3829083
              Debtor.                     :
----------------------------------------------------------- x
In re:                                    : Chapter 11
                                          :
Handley Power, LLC,                       : Case No. 17-_____ (____)
                                          : Tax. ID No. 30-0844091
              Debtor.                     :
-----------------------------------------------------------x
In re:                                    : Chapter 11
                                          :
Mountain Creek Power, LLC,                : Case No. 17-_____ (____)
                                          : Tax. ID No. 38-3956288
              Debtor.                     :
-----------------------------------------------------------x
```

```
-------------------------------------------------------------x
In re:                              :  Chapter 11
                                    :
LaPorte Power, LLC,                 :  Case No. 17-_____ (____)
                                    :  Tax. ID No. 37-1765101
                Debtor.             :
                                    :  **Re: Docket No. ___**
-------------------------------------------------------------x
```

## ORDER DIRECTING THE JOINT ADMINISTRATION OF
## THE DEBTORS' CHAPTER 11 CASES

Upon the motion (the "Motion")[1] of the above-captioned debtors (collectively, the "Debtors"), for entry of an order (this "Order"), pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, directing the joint administration of the Debtors' chapter 11 cases, all as further described in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted, as set forth herein.

2.      The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 17-_____ (___).

3.      Nothing shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the above-captioned cases.

4.      The caption of the jointly administered cases should read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------------x
                                            :
In re:                                      :  Chapter 11
                                            :
ExGen Texas Power, LLC, et al.,             :  Case No. 17-_____ (____)
                                            :
              Debtors.1                      :  (Jointly Administered)
------------------------------------------------------------x
```

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  ExGen Texas Power, LLC (4129), ExGen Texas Power Holdings, LLC (2209), Wolf Hollow I Power, LLC (6945), Colorado Bend I Power, LLC (9083), Handley Power, LLC (4091), Mountain Creek Power, LLC (6288), and LaPorte Power, LLC (5101).  The Debtors' mailing address for the purposes of notice and communications is 1310 Point Street, Baltimore, MD 21231.

5.      A docket entry shall be made in each of the above-captioned cases (except the chapter 11 case of ExGen Texas Power, LLC) substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of ExGen Texas Power, LLC, *et al.* The docket in Case No. 17-_____ (____) should be consulted for all matters affecting this case.

6.      The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

RLF1 18427859v.1

7.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2017
          Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE